

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Evans J. Adkins
County Attorney, McCulloch County
Brady, Texas

Dear Sir:

Opinion No. O-5764
Re: Whether the Commissioners'
Court of McCulloch County
has the authority to in-
crease the salary of the
County Treasurer above
$2,000 annually?

Your letter of December 14, 1943, requesting the opinion
of this department on the question stated therein reads, in
part, as follows:

"Article 3943, states in part 'The
Commissions allowed to any County Treasurer
shall not exceed $2000.00 annually.'

"Where the Commissioners Court is allow-
ing commissions in this amount, have they any
legal authority allow any more, as ex-officio
or other salary, except in the population brackets
mentioned.

"In other words the population of this
county according to the latest U S Census is
13,208. The Commissioners Court of McCulloch
fixes the compensation of the County Treasurer
on Commissions, not to exceed $2000 per annum.
Has the Court any authority to increase this
compensation?"

We are informed by the State Comptroller's Department that the county officials of McCulloch County were compensated on a fee basis for the year 1943. For the purposes of this opinion, we assume that said county officials will be compensated on a fee basis for the year 1944.

The Legislature prescribed the maximum percentage of commissions (Articles 3941, 3942, limited by Article 3943, Vernon's Annotated Civil Statutes) to which the county treasurer may be entitled, and imposed the duty on the commissioners' court of fixing the compensation within such limitation.

In the case of Baxter v. Rusk County, 11 S. W. (2d) 648, it is said:

> "* * 'The settled rule of law is that when commissions are not fixed by order of the commissioners' court the county treasurer is entitled to receive the maximum fees in the statutes. Bastrop County v. Hearn, 70 Texas 564, 8 S. W. 302; Montgomery County v. Talley, (Tex. Civ. App.) 169 S. W. 1141. But, as firmly concluded in the case of Bastrop County v. Hearn, supra, the law prescribes no time when the court shall fix the compensation to the county treasurer for receiving and disbursing the public moneys; nor is there any inhibition to the changing of the rate of percentage after it has been once fixed. The limitation however, upon the authority to change an existing order fixing the percentage of compensation, is that it is not allowed to reduce the compensation earned for past services. Montgomery County v. Talley, (Tex. Civ. App.) 169 S. W. 1141."

We quote from the case of Williams v. Cass County, 147 S. W. (2d) 588, as follows:

> "* * * * It is settled law that the commissioners' court may not change the statutory plan of compensating the treasurer from a fee to a definite salary basis. But it is immaterial whether the court order denominated the compensation as a salary or a commission, the real character of the sums payable governs. The controlling element

in determining whether the amount to be re-
ceived is upon a commission or a salary basis
is whether that amount, by whatever name it may
be called, is absolute and fixed, regardless of
what the lawful commissions may be, or is made
contingent upon earning that amount as commis-
sion." (See 11 Tex. Jur., 600 Section 70)

In view of the fact that the county officials of McCulloch
County are compensated on a fee basis the officers' salary law
(Article 3912e, Vernon's Annotated Civil Statutes) has no appli-
cation to the question under consideration. Therefore, in view
of the foregoing authorities and the above mentioned statutes,
it is the opinion of this department that the compensation of
the County Treasurer of McCulloch County cannot exceed $2,000
per annum. Stated another way, the Commissioners' Court of
McCulloch County has no authority to increase the compensation
of the County Treasurer to exceed $2,000 annually. The Com-
missioners' Court must fix the compensation of the County
Treasurer within the limitation contained in Article 3943, Ver-
non's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:EP

